UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **13-20460**

CR-MIDDLEBROOKS

18 U.S.C. § 371
18 U.S.C. § 2342(a)
18 U.S.C. § 981(a)(1)(C)

MAGISTRATE JUDGE
GARBER

UNITED STATES OF AMERICA

vs.

ANTONIO FARIAS,
STEPHEN VALVO, and
LOUIS ALIQUO,

    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From on or about April 7, 2006, through on or about April 2, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and
STEPHEN VALVO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, namely, to knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state

cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a).

## OBJECT OF THE CONSPIRACY

It was the object and purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by receiving, possessing, and purchasing contraband untaxed cigarettes in Florida, which they believed to be stolen, and subsequently shipping them to New York for sale at a marked-up price, while evading applicable state cigarette taxes.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida:

1. On or about June 20, 2006, **ANTONIO FARIAS** purchased approximately 1,500,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using a cashier's check in the amount of $112,500.

2. On or about June 23, 2008, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to **ANTONIO FARIAS** in the amount of $42,144.

3. On or about June 23, 2008, **ANTONIO FARIAS** purchased approximately 384,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using a cashier's check in the amount of $37,440.

4. On or about July 22, 2008, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to **ANTONIO FARIAS** in the amount of $84,288.

5. On or about July 24, 2008, **ANTONIO FARIAS** purchased approximately 768,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using a cashier's check in the amount of $74,880.

6. On or about September 15, 2008, **STEPHEN VALVO** sent, through a company he controlled, two wire transfers to **ANTONIO FARIAS** totaling $250,864.

7. On or about September 15, 2008, **ANTONIO FARIAS** purchased approximately 2,304,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using two cashier's checks totaling $224,640.

8. On or about September 26, 2008, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to **ANTONIO FARIAS** in the amount of $252,864.

9. On or about September 30, 2008, **ANTONIO FARIAS** purchased approximately 2,304,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using a cashier's check in the amount of $224,640.

10. On or about October 24, 2008, **STEPHEN VALVO** sent, through a company he controlled, two wire transfers to **ANTONIO FARIAS** totaling $284,472.

11. On or about October 27, 2008, **ANTONIO FARIAS** purchased approximately 2,592,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using two cashier's checks totaling $252,720.

12. On or about November 12, 2008, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to **ANTONIO FARIAS** in the amount of $210,720.

13. On or about November 13, 2008, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to **ANTONIO FARIAS** in the amount of $168,577.

14. On or about November 13, 2008, **ANTONIO FARIAS** purchased approximately 3,456,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using two cashier's checks totaling $336,900.

15. On or about April 2, 2009, **ANTONIO FARIAS** purchased approximately 6,852,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida, using a wire transfer in the amount of $668,070.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about June 23, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and
STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

## COUNT 3

On or about July 24, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and
STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand

(10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 4

On or about September 15, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and**
**STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 5

On or about September 30, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and**
**STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 6

On or about October 27, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and**
**STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 7

On or about November 13, 2008, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and**
**STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 8

On or about April 2, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ANTONIO FARIAS and**
**STEPHEN VALVO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

## COUNT 9

From on or about July 2, 2009, through on or about July 26, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

### STEPHEN VALVO and
### LOUIS ALIQUO,

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, namely, to knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Section 2342(a).

## OBJECT OF THE CONSPIRACY

It was the object and purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by receiving, possessing, and purchasing contraband untaxed cigarettes in Florida, which they believed to be stolen, and subsequently shipping them to New York for sale at a marked-up price, while evading applicable state cigarette taxes.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida:

1. On or about July 23, 2009, **LOUIS ALIQUO** took possession of approximately 5,184,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

2. On or about July 23, 2009, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to a purported seller of cigarettes in the amount of $596,160, representing the purchase price of approximately 5,184,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

3. On or about December 10, 2009, **LOUIS ALIQUO** took possession of approximately 6,000,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

4. On or about December 10, 2009, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to a purported seller of cigarettes in the amount of $690,000, representing the purchase price of approximately 6,000,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

5. On or about March 11, 2010, **LOUIS ALIQUO** took possession of approximately 8,928,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

6. On or about March 11, 2010, **STEPHEN VALVO** sent, through a company he controlled, two wire transfers to a purported seller of cigarettes totaling $1,026,720, representing the purchase price of approximately 8,928,000 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

7. On or about July 26, 2011, **LOUIS ALIQUO** took possession of approximately 5,267,600 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

8. On or about July 26, 2011, **STEPHEN VALVO** sent, through a company he controlled, a wire transfer to a purported seller of cigarettes in the amount of $605,774, representing the purchase price of approximately 5,267,600 purportedly stolen cigarettes bearing no evidence of payment of applicable state cigarette taxes to the State of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNT 10

On or about July 23, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN VALVO and
LOUIS ALIQUO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

## COUNT 11

On or about December 10, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN VALVO and
LOUIS ALIQUO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 12

On or about March 11, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN VALVO and
LOUIS ALIQUO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

### COUNT 13

On or about July 26, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**STEPHEN VALVO and
LOUIS ALIQUO,**

did knowingly ship, receive, possess, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341(a), that is, a quantity in excess of ten thousand (10,000) cigarettes which bore no evidence of the payment of applicable state cigarette taxes in the State of Florida, in violation of Title 18, United States Code, Sections 2342(a) and 2.

## CRIMINAL FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants,

**ANTONIO FARIAS,**
**STEPHEN VALVO, and**
**LOUIS ALIQUO,**

have an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 2341, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America all of his respective right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 2342, as alleged in this Indictment, the defendant so convicted shall forfeit to the United States of America all of his respective right, title and interest in the following property:

(a) Any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C); and

(b) Any contraband cigarettes or contraband smokeless tobacco involved in such violation, pursuant to Title 18, United States Code, Section 2344(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2344(c), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____, Chief, Crm.Div.
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
BENJAMIN C. COATS
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| ANTONIO FARIAS, STEPHEN VALVO, and LOUIS ALIQUO, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| _____Defendants._____ / | Superseding Case Information: |

**Court Division**: (Select One)

| | | | | New Defendant(s) | Yes ___ No ___ |
|---|---|---|---|---|---|
| _X_ | Miami | ___ | Key West | Number of New Defendants | ___ |
| ___ | FTL | ___ | WPB ___ FTP | Total number of counts | ___ |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  _No_
   List language and/or dialect _____

4. This case will take  _8-10_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | ___ | | Petty | ___ |
   | II | 6 to 10 days | _X_ | | Minor | ___ |
   | III | 11 to 20 days | ___ | | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | | Felony | _X_ |
   | V | 61 days and over | ___ | | | |

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

_____
BENJAMIN C. COATS
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501785

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ANTONIO FARIAS

**Case No:**

Count #: 1

Conspiracy to Traffic in Contraband Cigarettes

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts #: 2-8

Trafficking in Contraband Cigarettes

Title 18, United States Code, Section 2342(a)

**\*Max. Penalty:** 5 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** STEPHEN VALVO

**Case No:** _____

Counts #: 1, 9

Conspiracy to Traffic in Contraband Cigarettes

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts #: 2-8, 10-13

Trafficking in Contraband Cigarettes

Title 18, United States Code, Section 2342(a)

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** LOUIS ALIQUO

**Case No:** 

Count #: 9

Conspiracy to Traffic in Contraband Cigarettes

Title 18, United States Code, Section 371

**\*Max. Penalty:** 5 Years' Imprisonment

Counts #: 10-13

Trafficking in Contraband Cigarettes

Title 18, United States Code, Section 2342(a)

**\*Max. Penalty:** 5 Years' Imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.