UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-20460-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

v.

ANTONIO FARIAS,

    Defendant.

_____/

## ORDER DENYING CORRECTED MOTION TO RECONSIDER

THIS CAUSE comes before the Court upon Defendant Antonio Farias's ("Defendant") Corrected Motion to Reconsider Order Denying Motion to Dismiss Indictment (DE 98), filed on September 30, 2014. On September 19, 2014, the Court denied Defendant's Motion to Dismiss the Indictment. (DE 88). Defendant Farias now seeks reconsideration of his Motion to Dismiss and request for an evidentiary hearing. (DE 98). For the reasons stated herein, Defendant's Corrected Motion to Reconsider (DE 98) is denied.

I.    **Background.**

The initial indictment in this case was returned on June 21, 2013. (DE 3) It alleged two conspiracies, and numerous substantive counts, spanning a combined five years of undercover investigation from April 2006 through July 2011. The earlier of the two conspiracies, Count 1, involved Defendant Farias and was alleged to have ended on April 2, 2009. (DE 3).

On July 17, 2014, the Superseding Indictment was returned, which charged Defendant Farias with one Count for violation of 18 U.S.C. § 371 – conspiracy to commit an offense against the United States. (DE 58). The initial Indictment charged him with conspiracy to sell contraband cigarettes, in violation of 18 U.S.C. § 2341(a), and the Superseding Indictment added

an additional object to the conspiracy – conspiracy to sell stolen goods in violation of 18 U.S.C. § 2314. (DE 3 & 58). The Superseding Indictment eliminated all substantive counts against Defendant Farias. It also narrowed the conspiracy count (Count 1) by removing the June 20, 2006 overt act and moving the start date of the conspiracy from April 7, 2006 to June 4, 2008. (DE 3 & 58). No new facts were alleged.

Defendant filed a Motion to Dismiss the Indictment (DE 76) on September 4, 2014, which the Court denied on September 19, 2014. (DE 88). Defendant now moves for reconsideration of the Court's Order denying Defendant's Motion to Dismiss the Indictment on the grounds that the Court should have waited for Defendant's reply to the Government's opposition before ruling on the Motion to Dismiss.

## II.   Legal Standard.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and this Court have permitted parties to file such motions in criminal cases." *Serrano v. U.S.*, 411 F. App'x 253, 255 (11th Cir. 2011). Courts in the Eleventh Circuit have largely relied on the standard applicable to motions for reconsideration in civil cases to adjudicate reconsideration motions in criminal cases. *See, e.g., U.S. v. Sabooni*, No. 09-cr-20298, 2014 WL 4385446, at * 1 (S.D. Fla. Sept. 4, 2014). The Eleventh Circuit recognizes three major grounds which justify reconsideration: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact. *See Bd. Of Trs. Of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006).

## III.   Discussion.

### a. Filing of Reply.

2

First, Defendant argues the Court should reconsider its Order denying Defendant's Motion to Dismiss the Indictment because the Court erred in denying Defendant's Motion prior to Defendant's deadline for filing a reply. (DE 98 at ¶ 1). However, Local Rule 88.9 instructs that motions in criminal cases are subject to the requirements of, and shall comply with, the rules governing motion practice in civil cases. S.D. Fla. L. R. 88.9. In civil cases, a reply *may* be filed, but is not required. See S.D. Fla. L. R. 7.1(c). Defendant Farias has not pointed to, nor is the Court aware of, any authority requiring the Court to wait for a reply before ruling on a Motion to Dismiss the Indictment. Accordingly, the Court finds no error in ruling on the Motion to Dismiss the Indictment (DE 76) prior to the filing of a reply.

In fact, Defendant's Motion to Dismiss the Indictment was not timely filed. Pursuant to Local Rule 88.9, motions in criminal cases "shall be filed within twenty-eight (28) days from the arraignment of the defendant to whom the motion applies . . . ." S.D. Fla. L. R. 88.9. Here, Defendant was arraigned on the Superseding Indictment on July 22, 2014. Defendant was therefore required to file his Motion to Dismiss the Indictment on or before August 19, 2014. However, Defendant did not file his Motion to Dismiss until September 4, 2014 – well beyond the 28 day time-frame afforded by Local Rule 88.9. Additionally, Defendant failed to provide a "concise statement of the material facts upon which the motion is based." S.D. Fla. L. R. 88.9. Nevertheless, the Court considers the arguments raised in Defendant's Motion to Reconsider.

### b. Statute of limitations.

Defendant argues that the Superseding Indictment (DE 58) was filed outside of the relevant statute of limitations period, warranting dismissal of the indictment. (DE 98 ¶¶ 7-11). The applicable statute of limitations is five years. See 18 U.S.C. § 3282. Thus, the indictment must have been returned on or before April 2, 2014 – five years from the last overt act, April 2,

2009. *See United States v. Isaacson*, 752 F.3d 1291, 1302 (11th Cir. 2014) ("In a conspiracy prosecution brought under 18 U.S.C. § 371, the government must prove at least one overt act in furtherance of the conspiracy by one of the conspirators within the five years before the return of the indictment."). Here, the Superseding Indictment was filed on July 17, 2014, *outside* of the limitations period. The initial Indictment was filed on July 21, 2013, which was within the applicable statute of limitations. Thus, the issue is whether the Superseding Indictment relates back to the initial Indictment for statute of limitations purposes. *See United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990) ("In certain circumstances, the filing of an indictment may serve to toll the statute of limitations for purposes of filing a superseding or new indictment after the limitations period has expired.").

"A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." *United States v. Ratcliff*, 245 F.3d 1246, 1253 (11th Cir. 2001) (citations omitted). In making this determination, the Eleventh Circuit instructs:

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

*Id.* at 1253 (citing *Italiano*, 849 F.2d at 1283). Additionally, the Court's inquiry is not confined to the statutes under which the defendant was charged. *See id.* "For purposes of the statute of limitations, the 'charges' in the superseding indictment are defined not simply by the statute under which the defendant is indicted, but also by the factual allegations that the government relies on to show a violation of the statute." *Italiano*, 894 F.2d at 1282. Indeed, "the crucial

4

inquiry is whether approximately the same facts were used as the basis of both indictments." *Id.* at 1285.

Defendant Farias argues the addition of another basis (*i.e.*, trafficking stolen cigarettes) for the alleged conspiracy impermissibly broadens and/or substantially amends the original indictment. (DE 98 ¶ 11). The Court disagrees. Here, the Superseding Indictment shortens the time frame of the alleged conspiracy. *See United States v. Saimonese*, 352 F.3d 608, 621 (2d Cir. 2003) ("[T]the law is clear that there is no obstacle to relation back when a superseding pleading narrows, rather than broadens, the original charges."). The Superseding Indictment alleges the same overt acts (minus one), and includes the same co-conspirators contained in the initial Indictment. *See Italiano*, 894 F.2d at 1281 (affirming the district court's holding that the indictment was not barred by the statute of limitations because it alleged approximately the same facts as the previous indictment). Importantly, the initial indictment and the Superseding Indictment contain the same "Object of the Conspiracy," which states that:

> It was the object and purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by receiving, possessing, and purchasing contraband untaxed cigarettes in Florida, which they **believed to be stolen**, and subsequently shipping them to New York for sale at a marked-up price, while evading applicable state cigarette taxes.

(DE 3 at 2; DE 58 at 2) (emphasis added). The initial Indictment, therefore, placed Defendant Farias on notice that the Government is alleging he was involved in a conspiracy to sell untaxed stolen cigarettes. Consequently, the Superseding Indictment does not "broaden or substantially amend" the original conspiracy charge (Count 1), and the Superseding Indictment is timely as it relates back to the return of the initial Indictment, which was filed within the five-year statute of limitations.

    c. **Violation of Speedy Trial Rights.**

5

Finally, Defendant asserts that the Government's five year delay in bringing the charges is a violation of his constitutional right to a speedy trial. (DE 98 ¶ 15). "To prove a due process violation resulting from a pre-indictment delay, [a defendant] must show: (1) actual prejudice to [his] defense from the delay; and (2) that the delay resulted from a deliberate design by the government to gain a tactical advantage." *United States v. Lamb*, 214 F. App'x 908, 913 (11th Cir. 2007). Here, the Court previously considered Defendant's pre-indictment delay arguments contained in Defendant's Motion to Dismiss the Indictment. Defendant has not provided any additional facts supporting a showing of actual prejudice, nor has Defendant asserted that the government *deliberately* delayed bringing charges in order to "gain a tactical advantage." Defendant's request for an evidentiary hearing on the issue is, therefore, not warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Farias's Corrected Motion to Reconsider Order Denying Motion to Dismiss Indictment (DE 98) is **DENIED**. Defendant's Motion to Reconsider (DE 97) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida, this 1st day of October, ~~September,~~ 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of record